UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BEST RESOURCE CENTER, INC.,

                           Plaintiff,

     -against-

NEWBURGH ENLARGED CITY SCHOOL
DISTRICT, DR. JACKIELYN MANNING
CAMPBELL, CHILD CARE COUNCIL OF
ORANGE COUNTY,

                        Defendants.
-------------------------------------------------------------X

No: 26-cv-2881(NSR)

**<u>ANSWER TO COMPLAINT</u>**

**Jury Trial Demanded**

Defendants the NEWBURGH ENLARGED CITY SCHOOL DISTRICT (the "District") and DR. JACKIEYLN MANNING CAMPBELL ("Campbell") (collectively, the "District Defendants"), as and for their Answer to the Complaint of Plaintiff BEST RESOURCE CENTER, INC. ("Plaintiff"), respectfully set forth, upon information and belief, as follows:

## <u>PARTIES</u>

1.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint except admit that according to the New York State Department of State, Plaintiff is a domestic not-for-profit corporation organized pursuant to the laws of the State of New York and denies that its address according to the New York State Department of State is 49 Grand Street, Newburgh, New York 12550.

2.     The District Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains Plaintiff's basis for suing Campbell, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants admit the allegations.

4. The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint except admit that according to the New York State Department of State, defendant the Child Care Council of Orange County, Inc. ("CCC") is a domestic not-for-profit corporation organized pursuant to the laws of the State of New York.

### JURISDICTION

5. The District Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. The District Defendants admit the allegations contained in Paragraph 6 of the Complaint except deny that Plaintiff served a Notice of Claim.

7. Paragraph 7 of the Complaint sets forth Plaintiff's basis for jurisdiction, as to which no response is required. To the extent a response is required, the District Defendants admit this Court has subject matter jurisdiction but denies that the Complaint has stated a claim.

### THE DISTRICT DEFENDANTS' RESPONSE TO THE FIRST CAUSE OF ACTION – BREACH OF CONTRACT

8. The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     The District Defendants deny the allegations contained in Paragraph 10 of the Complaint except admit that certain discussions between the District and Plaintiff occurred in 2024.

11.     The District Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     The District Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint except deny the existence of any partnership agreement between Plaintiff and the District and deny that Campbell signed any such agreement.

14.     Paragraph 14 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     The District Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint except deny the existence of any signed partnership agreement.

21.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     The District Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     The District Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     The District Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

26.     The District Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     The District Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     The District Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     The District Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     The District Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

33.     The District Defendants deny the allegations contained in Paragraph 33 of the Complaint except admit that Gidney Avenue could not accommodate the program.

34.     The District Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

36.     The District Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     The District Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     The District Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.    Paragraph 40 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

**THE DISTRICT DEFENDANTS' RESPONSE TO THE SECOND CAUSE OF ACTION – VIOLATION OF FIRST AMENDMENT RIGHTS BY NECSD AND MANNING-CAMPBELL**

41.    The District Defendants incorporate by reference their answers to Paragraphs 1-40 of the Complaint herein.

42.    The District Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    The District Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    The District Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    The District Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

47.    The District Defendants deny the allegations contained in Paragraph 47 of the Complaint except deny knowledge of information sufficient to form a belief in the truth of the allegations relating to Lawson's feelings.

48.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     The District Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

51.     Paragraph 51 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

**THE DISTRICT DEFENDANTS' RESPONSE TO THE THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE BY CCC**

52.     The District Defendants incorporate by reference their answers to Paragraphs 1-51 of the Complaint herein.

53.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint except deny that the District Defendants developed or exhibited any hostility toward Plaintiff.

56.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     The District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations.

62.     Paragraph 62 of the Complaint contains legal conclusions, interpretation, and argument, as to which no response is required. To the extent the Paragraph contains factual allegations as to which a response is required, the District Defendants deny the allegations.

## THE DISTRICT DEFENDANTS' RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

The District Defendants deny the allegations, deny that Plaintiff's rights have been violated, deny any wrongdoing, and deny that Plaintiff is entitled to the relief requested.

## DEFENSES

### First Defense

The Complaint fails to state a claim for relief or allege sufficient facts upon which relief can be granted.

8

Second Defense

The District Defendants are entitled to qualified immunity in that their conduct did not violate clearly established Constitutional or statutory rights of which a reasonable person would have known and/or the District Defendants had an objectively reasonable belief that their conduct did not violate Plaintiff's rights.

Third Defense

This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over state law claims.

Fourth Defense

Plaintiff's claims may be barred in whole or in part by laches, waiver, unclean hands, collateral estoppel and/or res judicata.

Fifth Defense

Defendant did not act maliciously or with ill will toward Plaintiff and Plaintiff is not entitled to punitive damages.

Sixth Defense

Defendants at all times relative to Plaintiff's Complaint fully complied with all provisions of the Constitution of the United States, the Constitution of the State of New York and all other applicable laws, statutes, rules, regulations, and guidelines.

Seventh Defense

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by the District Defendants, or by a person or entity for whom the District Defendants are responsible.

9

Eighth Defense

Plaintiff failed to comply with conditions precedent by failing to serve a Notice of Claim.

Ninth Defense

Plaintiff's fraudulent activities voided any alleged contract.

Tenth Defense

Any agreement between the District Defendants and Plaintiff violated the Statute of Frauds.

Eleventh Defense

No valid contract existed between the District Defendants and Plaintiff due to mutual and/or unilateral mistake.

Twelfth Defense

No breach of contract occurred due to impossibility/impracticability.

Thirteenth Defense

Plaintiff's conduct caused or contributed to, in whole or in part, its injuries.

Fourteenth Defense

Campbell is entitled to qualified immunity in that her conduct did not violate clearly established Constitutional or statutory rights of which a reasonable person would have known and/or Campbell had an objectively reasonable belief that her conduct did not violate Plaintiff's rights.

Fifteenth Defense

The District Defendants did not act with any impermissible motive or to punish or inhibit Plaintiff's Constitutional or statutory rights.

Sixteenth Defense

The actions of the District Defendants were justified and/or privileged.

10

<u>Seventeenth Defense</u>

The District Defendants acted for legitimate and nonretaliatory reasons.

<u>Eighteenth Defense</u>

The District Defendants acted in good faith and on honest/truthful information.

<u>Nineteenth Defense</u>

Plaintiff's causes of action for certain claims may be barred by the applicable statutes of limitations.

<u>Twentieth Defense</u>

The District Defendants would have made the same decisions and/or engaged in the same actions even in the absence of any protected speech.

**<u>DEMAND FOR A JURY TRIAL</u>**

The District Defendants demand a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

**WHEREFORE**, The District Defendants demand judgment dismissing the Complaint herein, and costs, fees, and disbursements incurred in this action.

Dated: White Plains, New York

April 15, 2026

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By: */s/ Deanna L. Collins*
　　Deanna L. Collins
　　*Attorneys for Defendants the Newburgh Enlarged*
　　*City School District and Dr. Jackielyn Manning*
　　*Campbell*
　　445 Hamilton Avenue, Suite #1102

11

White Plains, New York 10601
(914) 574-4510
DCollins@silvermanandassociatesny.com


TO:

Michael H. Sussman, Esq. (via email and USPS)
Sussman & Associates
*Attorneys for Plaintiff*
1 Railroad Avenue, Suite 3
P.O. Box 1005
Goshen, NY 10924
(845) 294-3991
Sussman1@sussman.law

Dan Walsh, Esq. (via email and USPS)
Crush & Varma Law Group PC
*Attorneys for Defendant Child Care Council of Orange County, Inc.*
15 Matthews Street, Suite 301
Goshen, NY 10924
(845) 615-9010
dan@cvlawgroup.com